**04 MBD 10258**

AO 451 (Rev.12/93)  Certification of Judgment

# UNITED STATES DISTRICT COURT

_____EASTERN_____  DISTRICT OF  _____VIRGINIA_____

National Stabilization Agreement Of The Sheet
Metal Industry Trust Fund, et al.,
Plaintiffs,
V.
Radar Roofing & Sheet Metal, Inc.,
Defendant.

FILED
IN OPEN OFFICE
2004 SEP 16 P 2: 59
DISTRICT COURT
DISTRICT OF MASS

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

Case Number:    1:03cv397

I, _____Elizabeth H. Paret_____ , Clerk of the United States District Court certify that the

attached judgment is a true and correct copy of the original judgment entered in this action on _____February 9th, 2004_____ ,
                                                                                                                    Date

as it appears in the records of this court, and that

\*   no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal

Rules of Appellate Procedure has been filed.

**IN TESTIMONY WHEREOF,** I sign my name and affix the seal of this Court on

_JUNE 29th, 2004_
          Date

**Elizabeth H. Paret, Clerk**
Clerk

_Paulina A. Miller_
(By) Deputy Clerk

*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal
Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a)
of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an
appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from
this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings
of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

04MBD 10258

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

NATIONAL STABILIZATION AGREEMENT　:
OF THE SHEET METAL INDUSTRY　　　:
TRUST FUND, et al.　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:　　　　　FEB - 9 2004
　　　　　　　　　　　Plaintiffs　　:
　　　　　　　　　　　　　　　　　　:　　Civil Action No. 03-397
　　　　v.　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
RADAR ROOFING & SHEET METAL, INC.　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Defendant　　:

## DEFAULT JUDGMENT AND ORDER

Upon consideration of the Motion for Default Judgment submitted by Plaintiffs, the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI Trust Fund") and Sheet Metal Workers' National Pension Fund ("NPF"), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI") (f/k/a National Training Fund for the Sheet Metal and Air Conditioning Industry), National Energy Management Institute Committee ("NEMI"), Sheet Metal International Association Scholarship Fund ("SMWIASF"), and Sheet Metal Occupational Health Institute Trust Fund ("SMOHI") (NPF, ITI, NEMI, SMWIASF and SMOHI are jointly referred to as "National Funds" and together with SASMI as "Funds"), the Magistrate Judge's Report and Recommendation and the absence of exceptions thereto, and the entire record in this case, it appearing to the Court that Defendant, Radar Roofing & Sheet Metal, Inc., ("Company" or "Defendant"), has failed to plead or otherwise defend in this action, that a default has been entered, and that there is no just reason for delay, it is ORDERED by the Court, this 9 day of February, 2004.

123011-1



1.    The Court adopts the Magistrate Judge's Report and Recommendation and grants the Funds' Motion for Default Judgment.

2.    Judgment by default in the total sum of $100,609.56 is entered in favor of the Funds against Defendant.  This amount includes the following for each of the Funds:

| Fund | Contribu-tions | Interest | Liquidated Damages | Late Fees | Attorneys Fees | Costs | Total |
|------|------|------|------|------|------|------|------|
| NPF | 63,660.28 | 3,014.16 | 12,732.04 | 917.41 | 2,176.98 | 407.78 | 82,908.65 |
| ITI | 1,512.72 | 71.62 | 302.53 | 23.51 | 0.00 | 0.00 | 1,910.38 |
| NEMI | 378.16 | 17.89 | 75.59 | 5.84 | 0.00 | 0.00 | 477.48 |
| SMWIASF | 126.04 | 5.95 | 25.17 | 1.90 | 0.00 | 0.00 | 159.06 |
| SMOHI | 252.12 | 11.95 | 50.41 | 3.87 | 0.00 | 0.00 | 318.350 |
| SASMI | 11,579.60 | 262.67 | 2,291.83 | 0.00 | 586.52 | 115.02 | 14,835.64 |
| TOTAL | $77,508.92 | $3,384.24 | $15,477.57 | $952.53 | $2,763.50 | $522.80 | $100,609.56 |

3.    Within twenty (20) days of the entry of this Order, Defendant shall fully and accurately complete and submit to the Funds any and all then outstanding remittance reports with all required information including the name and social security number of each employee, the hours worked, wages paid and contributions owed for that month together with a check for the full amount of the contributions owed.

4.    Defendant shall pay to NPF, ITI, NEMI, SMWIASF and SMOHI  additional interest at twelve percent (12%) per year, in accordance with the Funds' governing documents, on the amount of any delinquent monthly contributions awarded in this Order or hereafter due them, including any additional contributions due for November 2002 through August 2003, from the date the contribution was due through the date payment is finally made.

123011-1

2

5.      Defendant shall pay to the SASMI Trust Fund additional interest calculated at the rates provided for under 26 U.S.C. §6621, as from time to time amended, on the amount of any delinquent monthly contributions awarded in this Order or hereafter due them, including any additional contributions due for July 2002 through August 2003, from the date the contribution was due through the date payment is finally made.

6.      Defendant shall pay to NPF, ITI, NEMI, SMWIASF and SMOHI additional liquidated damages equal to twenty percent (20%) of the amount of any additional delinquent contributions due them for the months of November 2002 through August 2003 and for any month thereafter.

7.      Defendant shall pay to the SASMI Trust Fund additional liquidated damages equal to twenty (20) percent (or such other amount as prescribed under the SASMI Trust Fund's Rules and Regulations) of the amount of any additional delinquent contributions due for the months of July 2002 through August 2003 and for any month thereafter.

8.      Defendant shall submit to an audit of its wage, payroll, and personnel records for all periods for which Defendant is obligated to contribute to the Funds within twenty (20) days of the date this Order becomes final, and Defendant shall pay all contributions, interest, and liquidated damages determined by such audit to be due, as well as the costs of such audit.

9.      Defendant shall pay to the Funds any additional reasonable attorneys' fees and costs incurred in connection with this case on and after October 3, 2003 including, without limitation, those incurred to enforce and collect this judgment. If any such further action by the Funds is required, they may apply to this Court or to the Court in which enforcement is sought for further

reasonable attorneys' fees and costs in addition to those set out in ¶2 above.  See Free v. Briody,

793 F.2d 807 (7th Cir.1986).

10.    Because of Defendant's persistent failure to meet its reporting and payment

obligations to the Funds under the terms of the collective bargaining agreements, the Funds'

Agreements and Declarations of Trust and 29 U.S.C. §1145, Defendant, its officers, agents,

servants, employees, attorneys, and all persons acting on their behalf or in conjunction with them

shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely

remittance reports with accompanying contributions for all periods for which Defendant is

obligated to do so under the current and any future collective bargaining agreement(s) to which it

is bound.

11.    If Defendant fails to comply with any of the terms of this Order, the Funds may, in

addition to pursuing the remedies provided under Federal Rule of Civil Procedure 69, reopen this

case upon motion to this Court and notice to Defendant, and may at that time ask for further

appropriate monetary and/or injunctive relief.

12.    This Default Judgment and Order is enforceable by the Funds individually, singly

or jointly, or by their agent.

BY THE COURT

___2/9/04___
Date

JAMES C. CACHERIS                        J.
United States District Judge

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY _____
DEPUTY CLERK

123011-1                                        4