

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL STABILIZATION AGREEMENT OF THE SHEET METAL INDUSTRY TRUST FUND, et al.<br><br>Plaintiffs,<br><br>v.<br><br>RADAR ROOFING & SHEET METAL, INC.<br><br>Defendant. | C. A. No. 04-MC-10258 |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' *EX PARTE* MOTION FOR ORDER OF ATTACHMENT BY TRUSTEE PROCESS

This action involved the enforcement of the terms of a collective bargaining agreement and the terms of employee benefit plans under the Employee Retirement Income Security Act ("ERISA"), 29 USC §1001, *et seq*. On February 9, 2004, the U.S. District Court for the Eastern District of Virginia entered a default judgment ("Judgment") for the plaintiffs, the National Stabilization Agreement of the Sheet Metal Industry Trust Fund, et al., (the "Funds"), in the amount of $100,609.56, plus interest, against the defendant, Radar Roofing & Sheet Metal, Inc. ("Radar"). The total owed on the judgment is $100,609.56, plus post judgment interest at the rate of 1.28 percent and any additional damages and interest permitted under the Judgment.

The Funds also request post judgment attorneys' fees and costs in the amount of at least $1,674.36. Such fees and costs are specifically authorized by the Judgment entered and by ERISA, 29 U.S.C. §1132(g).

The Funds registered the Judgment with this Court in September 2004. Radar has failed to pay the Judgment to date. The Funds now move the Court to grant their request for an *Ex Parte* Order of Attachment by Trustee Process of all bank accounts of Radar held by Fleet Bank and Bank of America in order to attempt to collect on their Judgment.

Under Rule 64, Fed. R. Civ. P., M.G.L. c. 246, and Rule 4.2, Mass. R. Civ. P., the Funds were entitled to an *ex parte pre*judgment attachment if they demonstrated that they were likely to recover judgment in an amount equal to or greater than the amount of the attachment requested, and there was a clear danger that the defendant would dissipate or transfer the assets if notified in advance of the attachment. Pursuant to these same rules and law, as well as Rule 69, Fed. R. Civ. P., the Funds are now entitled to an *ex parte post*judgment attachment if they can make the same showing. This Court and the First Circuit have granted *post*judgment motions for attachment by trustee process of bank accounts in these circumstances, because bank accounts can be attached under Massachusetts law only by trustee process and not by a writ of execution. Rule 69 limits "federal process on money judgments to the type of process available under state law." Gabowitch v. Lundy, 584 F.2d 559, 561 (1st Cir. 1978); Lowell-Light Manufacturing, Inc. v. FDIC, 848 F. Supp. 278, 282 (D. Mass. 1994); Commercial Printers of Connecticut, Inc. v. Letter-Men Publishing Co., 1988 WL 45402 (D. Mass. 1988). The essential elements of the state procedure must be met to obtain the post judgment attachment by trustee process. Id. For the reasons stated below, plaintiffs have satisfied those essential elements, and should be granted an *ex parte* order of attachment by trustee process of all bank accounts of Radar currently held by Fleet Bank and Bank of America.

I.   **PLAINTIFFS HAVE DEMONSTRATED A REASONABLE LIKELIHOOD OF SUCCESS BECAUSE THEY HAVE OBTAINED A JUDGMENT.**

The District Court of Virginia has already found that Radar is liable to the Funds for $100,609.56 in unpaid employee benefit fund contributions, damages, interest and fees, plus post judgment interest. The total amount presently owed is $100,609.56, plus interest thereon at the rate of 1.28 percent, and plus post judgment attorneys' fees and costs in the amount of $1,674.36, the amount of the trustee execution. See Affidavit of Elizabeth A. Sloane, accompanying this motion. Plaintiffs thus have already demonstrated a reasonable likelihood of success.

II.  **THERE IS A CLEAR DANGER THAT IF NOTIFIED IN ADVANCE OF THE ATTACHMENT, DEFENDANT WILL TRANSFER THE ASSETS.**

To date, Radar has failed and refused to pay the Funds the amount of the Judgment, and may owe additional contributions to the Funds. See Affidavit of Elizabeth A. Sloane. This conduct is indicative of a debtor who is deliberately avoiding its financial obligations. Thus, there is a clear danger that Radar will withdraw, conceal or dissipate its bank account assets if notified of this motion.

III. **PLAINTIFFS NEED NOT POST A BOND UNDER M.G.L. c. 246, §1.**

No bond need be filed in an action for trustee process where the Complaint states that the action is inter alia for money due under a contract in writing. M.G.L. c. 246, §1. The unpaid contributions, interest, damages, attorneys' fees and costs sought in this action are all due under the terms of defendant's collective bargaining agreements with the defendant. See Default Judgment and Order; Certificate Re Trustee Process. As the Complaint seeks money due under the terms of a contract in writing, no bond is required.

## IV. CONCLUSION

For the foregoing reasons, the Funds request that this Court allow their *Ex Parte* Motion for Order of Attachment by Trustee Process.

Respectfully submitted,

NATIONAL STABILIZATION
AGREEMENT OF THE SHEET METAL
INDUSTRY TRUST FUND, et al.

By its attorneys,

Elizabeth A. Sloane, Esq., BBO #567866
SEGAL, ROITMAN & COLEMAN
11 Beacon Street, Suite #500
Boston, MA 02108
(617) 742-0208

Dated: November 9, 2004

Eas/5007/04396/MemoAttahc.doc

4